IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMOS RYLES,

        Plaintiff,                        No. CIV S-08-0074 LKK GGH P

    vs.

T. FELKER, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names five defendants: High Desert State Prison (HDSP) Warden Felker,

1  Lieutenant Plainer and Correctional Officer (C/O) Spears, C/O Noyes, C/O Hitchcock.  Plaintiff
2  states that he is suing these defendants "for threatening my life and for approaching me with
3  homosexuality...." Complaint, p. 3.  Plaintiff claims that on 8/03/07, defendant Plainer threatened
4  him and approached him "with homosexuality (basically sexual harassment)" after plaintiff told
5  him that he had a medical problem (in the form of chest pains).  Id.

6          Plaintiff states that defendants Spears, Noyes, and Hitchcock also threatened his
7  life and approached him "with homosexuality," although he provides no real context or
8  substantive factual predicate for his claims of sexual harassment/assault.  Complaint, pp. 3-4.
9  Plaintiff states that defendants Noyes and Hitchcock have said "sexual things" to him and that
10 each has had his hands on plaintiff.  Id. at 4.  Although he describes filing a number of
11 administrative grievances, it is unclear whether plaintiff is alleging that defendants' actions
12 constituted a form of retaliation.  Plaintiff seeks money damages and injunctive relief.

13         As to plaintiff's allegations of sexual harassment by defendants Plainer, Spears,
14 Noyes and Hitchcock for their homosexually oriented language directed toward plaintiff, such
15 verbal abuse is not enough to state a violation of plaintiff's Eighth Amendment rights, where
16 plaintiff does not allege that the language was not intended to do more than simply taunt plaintiff.
17 A review of plaintiff's exhibits which include grievance responses indicates that these
18 individuals approached you saying, "I love you." Complaint Exhibit, p. 9.  Plaintiff has not
19 alleged that the verbal abuse was intended to incite an attack upon him or resulted in such an
20 attack.  "Although prisoners have a right to be free from sexual abuse, whether at the hands of
21 fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.2000),
22 the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.
23 See e.g., Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir.1997) (holding that prison guard who
24 engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity); Somers
25 v. Thurman, 109 F.3d 614, 624 (9th Cir.1997)."  Austin v. Terhune, 367 F.3d 1167, 1171 (9th
26 Cir. 2004).  Even plaintiff's allegations that the homosexual approach to which he was subjected

3

might have also been accompanied by threats does not rise to a constitutional violation because even threats of bodily injury are insufficient to state a claim, as a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff generalized complaints about being "approached with homosexuality" but with no allegation of forced physical contact beyond a vague description of certain defendants having had their hands on him at some points does not clarify whether or not the defendants approached him individually or as a group, whether a defendant had simply placed his hands on plaintiff for the purpose of transporting plaintiff from one place to another.  Plaintiff's putative Eighth Amendment claims are simply too vague to be colorable and defendants Plainer, Spears, Noyes and Hitchcock will be dismissed but plaintiff will be granted leave to amend.

　　　　　As to defendant Warden Felker, to the extent that plaintiff seeks money damages, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

　　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has failed to link defendant Felker to any affirmative act resulting in a constitutional deprivation suffered by plaintiff, and plaintiff's claim for money damages as to this defendant will be dismissed with leave to amend.

As to his claims for injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). Defendant Felker is an appropriate official capacity defendant but

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

1  plaintiff has yet to identify an unconstitutional state practice, policy or procedure and so the
2  defendants will be dismissed as to plaintiff's claims for injunctive relief, but plaintiff will be
3  granted leave to amend.
4         To the extent that plaintiff seeks to allege a claim of retaliation for the filing of
5  inmate grievances, he has failed to set forth any such claims adequately.  Inmates have a right to
6  be free from the filing of false disciplinary charges in retaliation for the exercise of
7  constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder
8  v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
9  1985).  The Ninth Circuit treats the right to file a prison grievance as a constitutionally protected
10 First Amendment right.  Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); see also Hines v.
11 Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance
12 procedure is a constitutionally protected right, cited with approval in Bradley v. Hall, 64 F.3d
13 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for
14 pursing a grievance violates the right to petition government for redress of grievances as
15 guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80
16 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing
17 prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary
18 actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589
19 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is
20 precisely the sort of oppression that section 1983 is intended to remedy" (alterations and citation
21 omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in retaliation for
22 complaint about food actionable).
23         In order to state a retaliation claim, a plaintiff must plead facts which suggest that
24 retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
25 behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th
26 Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate

correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, supra, 810 F.2d at 925.  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

       This is not to say that a vexatious grievance filer can never be punished.  Vexatious litigants may be the subject of court discipline, and the undersigned would find it incongruous that while the courts can punish vexatious filings, prison officials may not.  Indeed, the right to petition for grievances is not absolutely protected; such a right has no greater protection than speech in general.  Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997).  In the prison context, one's free speech rights are more constricted from what they would be on the outside.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987).  Again, plaintiff must show that the actions or omissions constituting the "retaliation" served no legitimate penological goal.  As noted, plaintiff has failed to frame colorable retaliation claims, but he will be granted leave to amend.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 04/28/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
ryle0074.bnf