IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS RYLES, | ) No. 2:08-cv-00074-SPK |
| Plaintiff, | ) |
| v. | ) |
| T. FELKER, ET AL., | ) |
| Defendants. | ) |

ORDER DISMISSING AMENDED COMPLAINT

Plaintiff Amos Ryles is a state prisoner proceeding pro se. Plaintiff seeks relief for alleged civil rights violations pursuant to 42 U.S.C. § 1983. His request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 has been granted in a previous order. His original complaint was dismissed earlier by a previous judge for failure to state a claim, but dismissal was with leave to amend. An amended complaint was filed and the matter was eventually re-assigned to this court. The record reflects that Plaintiff was subsequently paroled from the High Desert State Prison in Susanville, California, where the alleged incident occurred. A court filing was returned stamped with "mail returned as undeliverable." Although Plaintiff did not file a change of address in this case, the record was since

1

updated with an address for Plaintiff of the Donovan Correctional Facility in San Diego, California.

The Court now proceeds with necessary screening of the amended complaint. For the reasons set forth, the amended complaint is dismissed. The dismissal is again without prejudice, and Plaintiff is given another opportunity to state a claim. A second amended complaint is to be filed **within 30 days**. If a second amended complaint is not filed, the action will be closed with judgment to issue in favor of Defendants.

I.

The court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain factual allegations sufficient to rise above the "speculative level," *id.*, or the merely possible or conceivable. *Id.* at

557, 570. That is, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has "facial plausibility" when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. *Id.*

Although a reviewing court must accept the allegations in a complaint as true, this does not apply to legal conclusions: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 1950. Moreover, determining whether a complaint states a plausible claim for relief is "context-specific" – the well pleaded facts must permit the court "to infer more than the mere possibility of misconduct." *Id.* A court must only assume the veracity of well pleaded allegations before determining whether they plausibly state a claim to relief. *Id.*

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. *See, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Id.*

II.

In his amended complaint, Plaintiff alleges that he was subject to unlawful retaliation for filing a "602 appeal" [apparently referring to a prison-condition grievance or action]. He alleges that Defendants Speers, Noyes, Hitchcock retaliated against him after he filed an action against Defendant Plainer

3

complaining that Plainer was "threatening my life and approaching me with homosexuality." He alleges that Speers, Noyes, and Hitchcock then retaliated against him by "sexually assaulting me when each one of these officers escorted me seperately [sic] by rubbing their hands on my arm and saying I love you." He further alleges that when he asked Speers "not to touch me like that" he and another officer Probst (who is not a named defendant) "slammed me to the ground[.]"

Plaintiff appears to be claiming he was retaliated against in violation of the First Amendment for engaging in protected speech – filing prison grievances or complaints. In the prison context, "a viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote omitted). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was the substantial or motivating factor behind defendants' conduct. *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (a Section 1983 plaintiff "must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action[.]"). The plaintiff also bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Verbal harassment is generally insufficient to state a claim. *E.g.*, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 39 (9th Cir. 1987); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

As with the original complaint, the Court concludes that the amended

4

complaint fails to state a claim for retaliation. Plaintiff's allegations that Defendants Speers, Noyes, and Hitchcock "sexually assault[ed] me when each one of these officers escorted me seperately [sic] by rubbing their hands on my arm and [said] I love you" does not state a plausible claim for retaliation against Plaintiff for participating in protected speech. Even if true that the officers "rubbed their hands on [plaintiff's] arm and said I love you," when transporting him from a "602 hearing" while in handcuffs, such behavior cannot plausibly be considered an "adverse action" caused by Plaintiff's exercising protected First Amendment rights such as participation in a prison grievance or action. Even assuming the conduct was "adverse," such behavior would not "chill or silence a person of ordinary firmness from future First Amendment activities." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("a plaintiff [has to show] . . . that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'") (citing *Rhodes*, 408 F.3d at 568-69). Although the complaint does allege being "slammed to the ground," such use of force by Probst was alleged to be in response to Plaintiff's complaining about being touched by officers and in conjunction with being transported, not for exercising First Amendment rights.

The allegations of the amended complaint are insufficient "to draw the reasonable inference that the defendant[s] [are] liable." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. *Id.*

### III.

Accordingly, the amended complaint is DISMISSED. The Court, however,

will allow Plaintiff another opportunity attempt to state a claim.  Plaintiff is granted ***30 days*** leave to amend to state a claim with factual allegations as required under *Twombly* and *Iqbal*.   Plaintiff, however, may not change the nature of the suit by adding new, unrelated claims in a new amended complaint.  Further, Plaintiff is notified that any amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings.  *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).  If no further amended complaint is filed within 30 days, the action will be closed and judgment entered against Plaintiff.

IT IS SO ORDERED.

DATED:  December 18, 2009.



/s/ Samuel P. King
Samuel P. King
Senior United States District Judge