IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS RYLES, | ) No. 2:08-cv-00074-SPK |
| Plaintiff, | ) |
| v. | ) |
| T. FELKER, ET AL., | ) |
| Defendants. | ) |
| ———————————————— | ) |

ORDER DISMISSING ACTION

Plaintiff Amos Ryles is a state prisoner proceeding pro se.  Plaintiff seeks relief for alleged civil rights violations pursuant to 42 U.S.C. § 1983.  His request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 has been granted in a previous order.  His original complaint was dismissed earlier by a previous judge for failure to state a claim.  He was granted leave to file an amended complaint, but that amended complaint was dismissed by this Court for failure to state a claim, with leave to file a second amended complaint.  Plaintiff filed a second amended complaint on February 18, 2010.  This order screens that second amended complaint as required by 28 U.S.C. § 1915A(a).  Because the second amended complaint has the same deficiencies as the prior version of the complaint,

1

1  the second amended complaint is DISMISSED.  Because further amendment

2  would be futile, the Court's dismissal is with prejudice.  Judgment shall issue in

3  favor of Defendants.

4                                          I.

5       The Court must dismiss a complaint or portion thereof if the prisoner has

6  raised claims that are legally "frivolous or malicious," that fail to state a claim

7  upon which relief may be granted, or that seek monetary relief from a defendant

8  who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9       A complaint must contain "a short and plain statement of the claim showing

10 that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a).  Although a complaint

11 "does not need detailed factual allegations" to survive dismissal, a plaintiff must

12 provide "more than mere labels and conclusions, and a formulaic recitation of the

13 elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550

14 U.S. 544, 555 (2007).  The complaint must contain factual allegations sufficient to

15 rise above the "speculative level," *id.*, or the merely possible or conceivable.  *Id.* at

16 557, 570.  That is, the complaint must contain "enough facts to state a claim to

17 relief that is plausible on its face."  *Id.* at 570.  A claim has "facial plausibility"

18 when the complaint presents enough facts "to draw the reasonable inference that

19 the defendant is liable."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949

20 (2009).  This standard "asks for more than a sheer possibility that a defendant has

21 acted unlawfully."  *Id.*  A complaint that pleads facts that are merely consistent

22 with liability stops short of the line between possibility and plausibility.  *Id.*

23      Although a reviewing court must accept the allegations in a complaint as

24 true, this does not apply to legal conclusions:  "threadbare recitals of the elements

25 of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

26 A court is not bound to accept as true "a legal conclusion couched as a factual

27

28                                          2

1    allegation." *Id.* at 1950.  Moreover, determining whether a complaint states a

2    plausible claim for relief is "context-specific" – the well pleaded facts must permit

3    the court "to infer more than the mere possibility of misconduct." *Id.*  A court

4    must only assume the veracity of well pleaded allegations before determining

5    whether they plausibly state a claim to relief. *Id.*  In a pro se civil rights case, the

6    complaint must be construed liberally to afford plaintiff the benefit of any doubt.

7    *See, e.g.*, *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.

8    1988).

9                                                    II.

10        In his second amended complaint, Plaintiff again alleges that he was subject

11   to unlawful retaliation for filing a "602 complaint."  He alleges that "as a result of

12   me filing a 602 against Plainer . . . [I was] sexually assaulted by Correctional

13   Officer[s] Speers, Noyes, and Hitchcock when each of these officers escorted me

14   each seperately (sic) in handcuffs by rubbing their hands on my arm and saying I

15   love you."

16        Plaintiff appears to be claiming he was retaliated against in violation of the

17   First Amendment for engaging in protected speech – filing prison grievances or

18   complaints.  In the prison context, "a viable claim of First Amendment retaliation

19   entails five basic elements: (1) [a]n assertion that a state actor took some adverse

20   action against an inmate (2) because of (3) that prisoner's protected conduct, and

21   that such action (4) chilled the inmate's exercise of his First Amendment rights,

22   and (5) the action did not reasonably advance a legitimate correctional goal."

23   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote

24   omitted).  The plaintiff has the burden of demonstrating that his exercise of his

25   First Amendment rights was the substantial or motivating factor behind

26   defendants' conduct.  *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (a

27

28                                                    3

1   Section 1983 plaintiff "must show a causal connection between a defendant's

2   retaliatory animus and subsequent injury in any sort of retaliation action[.]").  The

3   plaintiff also bears the burden of pleading and proving the absence of legitimate

4   correctional goals for the conduct of which he complains.  *Pratt v. Rowland*, 65

5   F.3d 802, 806 (9th Cir. 1995).  Verbal harassment is generally insufficient to state

6   a claim.  *E.g.*, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 39 (9th Cir. 1987); *Gaut v.*

7   *Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

8          As with the other two versions of the complaint, the Court concludes that the

9   second amended complaint fails to state a claim for retaliation.  Plaintiff's

10  allegations that Defendants Speers, Noyes, and Hitchcock "sexually assault[ed] me

11  when each one of these officers escorted me seperately [sic] by rubbing their hands

12  on my arm and [said] I love you" does not state a plausible claim for retaliation

13  against Plaintiff for participating in protected speech.  Even if true that the officers

14  were "rubbing their hands on [plaintiff's] arm and saying I love you,"  while in

15  handcuffs, such behavior cannot plausibly be considered an "adverse action" for

16  participating in protected First Amendment activity.  Even assuming the conduct

17  was "adverse," such behavior would not "chill or silence a person of ordinary

18  firmness from future First Amendment activities."  *Brodheim v. Cry*, 584 F.3d

19  1262, 1271 (9th Cir. 2009) ("a plaintiff [has to show] . . . that the adverse action at

20  issue 'would chill or silence a person of ordinary firmness from future First

21  Amendment activities.'") (citing *Rhodes*, 408 F.3d at 568-69).  The allegations of

22  the second amended complaint are insufficient "to draw the reasonable inference

23  that the defendant[s] [are] liable."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct.

24  1937, 1949 (2009).

25                                            III.

26         Accordingly, the second amended complaint is DISMISSED.  Plaintiff has

27

28                                             4

1   had three opportunities to state a claim, and each version of the complaint has been

2   dismissed.  This version is nearly identical in substance to the prior version. The

3   Court therefore concludes that further amendment would be futile.  The dismissal

4   is therefore with prejudice and without further leave to amend.  The action is

5   dismissed and Judgment shall issue in favor of Defendants.

6        IT IS SO ORDERED.

7        DATED:  March 1, 2010.



Samuel P. King
Senior United States District Judge